NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA E. BROWN, | No. 17-55698 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-00294-CJC-E |
| v. | |
| SCOTT BURTON, Deputy Sheriff, in his individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted December 10, 2018**

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges

Barbara E. Brown appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging Fourth Amendment violations for

improper detention and arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo, *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011),

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and we affirm.

The district court properly granted summary judgment on Brown's Fourth Amendment claim for improper detention and arrest because Brown failed to raise a genuine dispute of material fact as to whether defendants (1) had a reasonable suspicion to detain Brown while investigating a 911 call for a domestic disturbance, and (2) had probable cause to arrest her pursuant to California Penal Code § 148(a)(1). *See Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) ("An officer has probable cause to make a warrantless arrest when the facts and circumstances within his knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime."); *United States v. Palos-Marquez*, 591 F.3d 1272, 1274 (9th Cir. 2010) ("An investigatory stop does not violate the Fourth Amendment if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot." (citations and quotations omitted)); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."). The audio recordings of the officers' interaction with and handling of the plaintiff demonstrate that her claims against them are spurious. We agree with the district court that the recordings "refute by blatant contradiction" most of

Brown's assertions. The officers' treatment of her as captured on the recordings was professional, respectful, and courteous.

The district court properly dismissed Brown's claims against unnamed John Doe defendants because Brown failed to make any factual allegations as to these claims. *See Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (dismissal is proper when plaintiff fails to allege facts sufficient to support a claim).

We reject Brown's meritless contentions that the district court was biased against her, improperly transferred her case to the district court in Los Angeles, and improperly denied her request for appointment of counsel.

We do not consider matters not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Brown's motion for appointment of counsel (Docket Entry No. 15) is denied.

**AFFIRMED.**